[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
The defendants move to strike the Second, Fifth and Eighth counts of the complaint, causes of action based upon recklessness, on the basis that the plaintiffs have failed to set forth physical conduct from which the inference of recklessness may be drawn.
There is a division of opinion reflected in Superior Court decisions as to whether proof of recklessness requires proof of physical acts from which the inference of recklessness may be inferred. "Recklessness is a state of consciousness with reference to the consequence of one's acts . . . . It is more than gross negligence . . . . The state of mind amounting to recklessness may be inferred from conduct. Dubay v. Irish,207 Conn. 518, 532 (1988). (Emphasis added).
Evidence may well exist, in any hypothetical circumstance, to demonstrate the fact of recklessness, the state of mind, without the presence of outward physical manifestations of that state of mind. Such evidence may be uncovered through the process of discovery. Evidence, however, is not to be pleaded. ". . . but not of the evidence by which they (facts) are to be proved. . . ." Practice Book Sec. 108.
The plaintiff need not allege external facts, in the pleading, to make out, ie to properly plead a cause of action for recklessness. Escheanda v. Chasse, Case No. 0129944, Superior Court, Waterbury, August 8, 1996; Sarrapina v. Spiro, Case No. 132563, Superior Court, Waterbury, September 25, 1996.
The motion to strike counts two, five and eight are denied.
The defendant moves to strike counts three, six and nine of the complaint. These counts allege, in a separate subparagraph in each of the counts, designated as "8c" in each of the counts, that the defendants "They failed to take such measures and care as the nature of the situation might require, to provide a safe environment ". . . for each of the minor plaintiffs. Further, paragraph "8d" alleges ". . . without providing adequate or sufficient safeguards for (minor plaintiff), including seat belts."
These counts of the complaint pose specific problems in attempting to address the motion. The body of each of the counts allege negligence by virtue of failure to comply with General CT Page 5124 Statutes § 14-100a(c)(4). It is not explained as to why this claim is set forth as a separate count, rather than as another allegation of negligence as part of the negligence counts. This same observation applies to the general claim of failure to supervise, as set forth in these three counts.
Accepting, however, the propriety of pleading these claims in a separate count, it must be recognized that the motion to strike addresses the entire count (Practice Book Sec. 148). It is recognized, as a matter of practice and pleading, that the motion to strike is not appropriate to address improper paragraphs of a count. Water Commissioners v. Robbins, 82 Conn. 623, 633, 634,635 (1910).
"The demurrer also points out certain separate paragraphs of the special defenses and counterclaim as containing either irrelevant or evidential matter only. If the objection was well-taken, the plaintiff's proper remedy was by motion." WaterCommissioners v. Robbins, supra, P. 635.
As the pleadings of these three counts presently stand the respective paragraphs 8c allege failure to "provide a reasonably safe environment," in some undefined fashion. Paragraph 8d alleges failure to "provide adequate or sufficient safeguards,including seat belts." "Including" generally means not limited to. These broad allegations hence imply that acts of negligence other than seat belts are being alleged.
Under the present status of the pleadings the court cannot strike these counts. As to both 8c and 8d it is obvious that these allegations are not adequate to constitute fact pleadings (Practice Book Sec. 108) or to furnish a particular statement as to what is being claimed (Practice Book Sec. 147). The defendant's position in this motion is that the statute does not allow evidence as concerns the wearing of seat belts to be admissible in this action. If that be the case then the pleading as to seat belts would probably fall within the category of Practice Book Sec. 147(2).
As the matter is presently pleaded the Court cannot reach the substance of the issue claimed in the motion to strike. The Court denies the motion to strike these counts, without prejudice. The Court specifically allows the filing of requests to revise outside of the order set forth in Practice Book Sec. 122 if the defendant chooses to do so. See Practice Book Sec. 113. CT Page 5125
L. Paul Sullivan, J.